# EXHIBIT B-2

IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

*FILED*

*2018 NOV -9 PH 12: 13*

*MAUREEN G. KELLY*
*LAKE CO. CLERK OF COURT*

NANCY PAINTER, individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

WOODSTREAM CORPORATION,

        Defendant.

CASE NO. 18CV001743

JUDGE JOHN P. O'DONNELL

**PRAECIPE**

TO THE CLERK OF COURTS:

Please serve the following upon the Defendant via certified mail:

1.  Complaint and Summons at the following address:

        Woodstream Corporation
        c/o C T Corporation System
        600 North 2nd Street, Suite 401
        Harrisburg, Pennsylvania 17101

        Thank you.

Respectfully submitted,

Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391    (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
      *nfiorelli@dworkenlaw.com*
      *fbartela@dworkenlaw.com*

Attorneys for Plaintiff

## PROOF OF SERVICE

A copy of the foregoing Praecipe was served by the Clerk of Courts, by certified mail, together with the Summons and Complaint, to Defendant Woodstream Corporation, in this matter.

Frank A. Bartela, Esq. (#0088128)
**DWORKEN & BERNSTEIN CO., L.P.A.**

One of Attorneys for Plaintiff

2

IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

**NANCY PAINTER**, individually and
on behalf of all others similarly situated,
10261 Chardon Rd.
Chardon, OH 44024

18CV001743
**JOHN P. O'DONNELL**

Plaintiff,

**CLASS ACTION COMPLAINT**

vs.

**WOODSTREAM CORPORATION**
69 North Locust Street
Lititz, PA 17543

**JURY DEMAND ENDORSED HEREON**

Defendant.

Now comes Nancy Painter, individually and as representative of all others similarly situated, and for his Class Action Complaint states:

<u>INTRODUCTION</u>

1.  Defendant's ultrasonic pest repellers fall into the category of products known in the law as snake-oil: useless potions or devices unable to do any of the things promised on the label.

2.  This is a class action brought by Nancy Painter, individually and as a putative representative, against Woodstream Corporation (herein "Defendant").

3.  Defendant manufactures, markets and distributes under its Victor® and Victor® PestChaser® brands ultrasonic devices claimed to repel rodents from the user's home. Nancy Painter purchased one of the ultrasonic pest control devices manufactured and marketed by Defendant.

4.  Defendant advertised these devices, claiming that they are "PestChasers®" and "rodent repellers".

5.      Additionally, under its "PestChaser® Technology" heading on the back of every package, Defendant claims these devices use "high frequency ultrasound" to "repel rodents" and "emit ultrasound at varying volumes and varying frequencies" to "prevent[] rodents from becoming accustomed to the ultrasound."

6.      However, despite these promises, the device does not repel rodents.

7.      In fact, Defendant has been marketing and advertising these devices with no evidence the devices repel rodents.

8.      Defendant has thusly committed fraud and breached the express warranties it represented to Plaintiff and the putative class members.

9.      This suit seeks refund of the purchase price paid by customers for these useless devices.

## PARTIES

10.     Plaintiff Nancy Painter is an individual and resident of the State of Ohio.

11.     Defendant Woodstream Corporation is a Pennsylvania corporation based at 69 North Locust Street, Lititz, PA 17543. Woodstream Corporation is the legally registered trademark holder of Victor® and Victor® PestChaser®.

## JURISDICTION

12.     This court has jurisdiction over Defendant and this action because Defendant transacts business in the State of Ohio, including in Lake County, Ohio, where the purchase at issue in the present matter took place.

## FACTS

13.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

14.     Plaintiff had pests, including rodents, in and/or around her house.

2

15.     On or about April 27, 2018, Plaintiff went to Lowe's Home Improvement located at 36300 Euclid Ave, Willoughby, OH 44094, and purchased a Victor® PestChaser® trademarked ultrasonic pest control device (herein "device") manufactured and marketed by Defendant in order to expel rodents from her house. See Exhibit A.

16.     The device's packaging states that the device is a "Rodent Repeller" and its "PestChaser® Technology" uses "high frequency ultrasound" to "repel[] rodent[s]."

17.     The packaging goes on to say that the product "emits ultrasound at varying volumes and varying frequencies" which "prevents rodents from becoming accustomed to the ultrasound." An example of the packaging is included here immediately below:





18.   This device is sold for the SOLE purpose of repelling rodents.

19.   Plaintiff read and relied upon the Defendant's representations contained on the device's packaging.

20.   Plaintiff purchased the device based on Defendant's representations.

21.   The only reason Plaintiff, or any other class member, purchases this product is to repel rodents.

22.   Plaintiff used the device as instructed, expecting that it would perform as advertised and repel rodents.

23.   However, the device did not repel rodents in and/or around Plaintiff's home.

24.     The Federal Trade Commission affirmatively warned and noticed manufacturers and retailers of ultrasonic pest repelling devices that any efficacy claims companies make must be supported by scientific evidence. [1]

25.     Upon information and belief, despite its representations, Defendant does not possess competent and reliable scientific evidence to support its advertising claims and its sale of these products for repelling rodents.

26.     In fact, studies have shown that that the ultrasonic technology does not work as a method of repelling rodents.[2]

27.     The product in question is incapable of performing the only function for which it is intended – to repel rodents.

28.     Because of the aforementioned studies and longstanding warning and notice to companies such as Defendant, Defendant had reason to know that its claims and representations about the essential purpose of the product were false and contrary to scientific evidence.

29.     Therefore, Defendant has actual or constructive knowledge of this defect.

30.     This defect is not in the individual item Plaintiff purchased, but within the design and efficacy of the product line in general.

31.     Even though Defendant has known that these devices do not work, they have continued to advertise these devices as effectively controlling and repelling pests and rodents.

32.     Plaintiff and the putative class members relied on these representations, which are found on the device's packaging and form the sole and entire claim made by Defendant's advertising, marketing, and labeling of these products: that the product would repel rodents.

---

[1] See http://www.ftc.gov/news-events/press-releases/2001/05/ftc-warns-manufacturers-and-retailers-ultrasonic-pest-control (last viewed September 27, 2018).
[2] http://digitalcommons.unl.edu/cgi/viewcontent.cgi?article=1049&context=vpc14 (last viewed September 27, 2018); http://extension.usu.edu/files/publications/publication/NR_WD_010.pdf (last viewed September 27, 2018); http://www.birddeter.com.au/pdfs/sonicdeterrents.pdf (last viewed September 27, 2018);

33.     These representations were false, and Plaintiff and the class members have been harmed.

## CLASS ALLEGATIONS

34.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

35.     Plaintiff brings this action on behalf of herself and for all other persons similarly situated (herein collectively referred to as "Plaintiffs" or "putative class members") who:

> Purchased one or more ultrasonic rodent control devices manufactured and/or marketed by Defendant during the putative class period, including, but not limited to, the Victor® PestChaser® Ultrasonic Rodent Repellers.

36.     This class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

37.     The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole, including:

> a.  Whether Defendant's representations were based on competent and reliable evidence;
>
> b.  Whether Defendant's representations were fraudulent;
>
> c.  Whether Defendant fraudulently represented to Plaintiff that their product would, inter alia, repel rodents or chase pests;
>
> d.  Whether Defendant's representations were express warranties.

38.     Defendant have engaged in the same conduct regarding all of the other members of the class asserted in this suit.

6

39.     The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses, and injuries of the entire class, and the claims, defenses, and injuries of each class member are typical of those of the entire class.

40.     Representative Plaintiff will fully and adequately protect and represent the entire class, and all of its putative class members.

41.     The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

42.     The prosecution of separate actions by each member of this class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendant.

43.     The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

### FIRST CLAIM FOR RELIEF
#### Fraud

44.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

45.     Defendant represented to Plaintiff and all putative class members that their ultrasonic pest control products would repel rodents.

46.     This representation was the essential and only purpose of the product. It was the only reason customers would buy the subject product, and, based on these representations, Plaintiff purchased Defendant's ultrasonic pest control product.

7

47.     These representations were material to the transaction, because Plaintiff would not otherwise have purchased the ultrasonic pest control product.

48.     These representations were false, and Defendant's made these representations with knowledge that these claims were false, or, in the alternative, with utter disregard and recklessness as to whether these representations were false, at the time the Defendant marketed and advertised the product.

49.     Defendant made these representations to Plaintiff with the intention that Plaintiff and the putative consumer class members would rely on the representations and purchase the product.

50.     Plaintiff and the putative class members justifiably relied on these representations in purchasing the product.

51.     This reliance on Defendant's representations resulted in injury to the Plaintiff.

52.     As a direct and proximate result of Defendant's fraud, Plaintiff has suffered injury.

53.     Defendant engaged in the same fraud against the putative class members, and they were similarly injured.

## SECOND CLAIM FOR RELIEF
### Breach of Express Warranty

54.     Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

55.     Plaintiff, and each member of the putative class, purchased a pest control product from Defendant.

56.     In connection with those purchases, Defendant made promises and affirmations of fact on the labels of the products and through its marketing campaign, as alleged above.

57.     Defendant's promises and affirmations of fact through its product labeling and advertising constitute express warranties.

58.     These written express warranties include representations that the products were "rodent repellers" containing "high frequency ultrasound" technology which would "repel[] rodent[s]".

59.     These affirmations of fact made by Defendant were made to induce Plaintiff and the putative class members to purchase the products.

60.     Plaintiff and the putative class members relied on Defendant's affirmations in purchasing the products.

61.     All conditions precedent to Defendant's liability under the warranty have been performed by Plaintiff and the putative class members or have been waived.

62.     Defendant breached the terms of the express warranty because the products did not conform to the description provided by Defendant, to wit: that the product would repel rodents.

63.     As a result of Defendant's breach of warranty, Plaintiff and the putative class members have been damaged in the amount to be determined according to proof at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment as follows:

1.     For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2.     For compensatory damages;

3.     For punitive damages;

9

4.    For reasonable costs and attorney fees necessarily incurred herein pursuant to common law;

5.    For such other or further relief as this Honorable Court deems Plaintiff and the class entitled.

Respectfully submitted,

Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 // (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
        *nfiorelli@dworkenlaw.com*
        *fbartela@dworkenlaw.com*

Attorneys for Plaintiff

# EXHIBIT A



# COMMON PLEAS COURT
## LAKE COUNTY OHIO
Case Designation Form (Loc. R. II(C)(1))

Nancy Painter, individually and on behalf of all
others similarly situated,

VS

Woodstream Corporation

Case. No. _____

Judge _____

Per Loc. R. II (C)(3), refiling of cases previously dismissed under Civ.R. 41 must have a designation upon the face of the complaint that the action is being refiled. The word "REFILING" must appear in capital letter under the word "COMPLAINT". Directly beneath the word "REFILING" the complaint shall identify the case number of this dismissed action. **Former case no.** _____

### Case Categories: (Mark one category only)

| | |
|---|---|
| ☐ | Adminstrative Appeal (Specific ORC Sec.)      Section: _____ |
| ☐ | Consumer Action - ORC 1345 |
| ☐ | Contract or Quasi Contract |
| ☐ | Criminal |
| ☐ | Declaratory Judgment |
| ☐ | Foreclosure |
| ☐ | Foreign Judgment |
| ☐ | Malpractice (specify) _____ |
| ☐ | Credit Card (CI) |
| ☐ | Personal Injury |
| ☐ | Product Liability |
| ☐ | Professional Tort |
| ☐ | Provisional Remedy (Replevin, Attachment, Garnishment) |
| ☐ | Workers Compensation |
| ☐ | Other Tort |
| ☒ | Other Civil      Class Action, Fraud, Breach of Express Warranty |

The designation "money only" may not be used if one of the above specific categories is applicable. Further, the caption shall note any statutory provision this is unique to the particular cause and controls the time within which the case is to proceed, once filed. (Ex. Miscellaneous - Contest of Election (O.R.C. Section 3515.10 - Hearing within 30 days.)

Revised Code Section unique to this
particular cause which controls the time
within which the case is to proceed:         _____

_____         (Signature)

Frank A. Bartela, Esq. (#0088128)         (Printed name and   Registration No.)

Dworken & Bernstein, 60 S. Park Place, Painesville, OH         (Firm Name and Address)

440-352-3391         (Telephone Number)

Maureen G. Kelly
Clerk Of Common Pleas Court
Lake County Courthouse West Annex, 25 North Park Place
Painesville OH 44077
440-350-2657
In The Court Of Common Pleas
General Division
Lake County, Ohio

Caption: _Nancy Painter, individually and on behalf of all others similarly situated._          Case No. _____

vs.

_Woodstream Corporation_

Instruction For Service
(General)

To The Clerk:
You are hereby instructed to serve the following parties by
_____Regular Mail

__X_____Certified Mail

_____Sheriff Of County          ( ) Residence          ( ) Personal

_____Process Server

With the following paper

__X_____Regular Summons (28 Days)

_____Amended Complaint Summons

_____Answer and Counterclaim or Third Party Summons

_____Other:

                    _____With Journal Entry

                    _____Without Journal Entry

Name of pleadings: _Class Action Complaint_ _____

_____

_____

Name and Address

Party _Woodstream Corporation, 69 N. Locust Street, Lititz, PA 17543_ ____

Party _____

Party _____

Party _____

Prepared By: _Frank A. Bartela, Esq. (#0088128)_ _____

Address: _Dworken and Bernstein, LPA_ _____

_60 S. Park Place, Painesville, OH 44077_ _____

Telephone _440-352-3391_ _____

# MAUREEN G. KELLY

## CLERK OF COURTS

### Lake County Common Pleas Court

## ATTENTION ALL PARTIES TO THE CASE

**Whether you are represented by an Attorney or representing yourself in this Legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.**

**Pre-trial orders and procedures are available on our website at**

### www.lakecountyohio.gov/coc

### Select DOWNLOADS

### Scroll to PRE-TRIAL ORDERS

**Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.**

**If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.**

**Maureen G. Kelly, Clerk of Courts**
Revised 7/1/2013 Pretrial orders